1931,
Sept. 9.

STATE

*v.*

NEW HAMPSHIRE GAS & ELECTRIC COMPANY, & a, Ap'ts.

*Louis E. Wyman,* orally, for the state.

*Robert W. Upton,* orally, for the defendants.

PEASLEE, C. J. Any "order or decision" of the public service commission is appealable. P. L., c. 239, ss. 1-4. The nature of the procedure before the commission requires consideration, in order to ascertain whether the action from which the appeal is claimed comes within the terms used in the statute. The proceeding is not a suit at law, prosecuted by one party against another and tried before a court having no function but to hear and decide. The commission institutes the proceeding, formulates the claim or charge against the utility, as far as one is formulated, directs the prosecution and hears and decides the case.

In the present instance it instituted an investigation, which developed into something like a trial. No definite charges were made, and the utilities complained that they did not know what they were called upon to answer. After the hearings closed, the commission formulated a series of decrees, with an order that the utilities show cause, on or before September 10, 1931, why the same should not then take effect. By the filing of these proposed decrees the commission for the

first time delimited the scope of the investigation and specified the subjects with which it proposed to deal.

The utilities made the necessary motion for rehearing, and upon denial thereof took the appeal. The grounds assigned challenged the authority of the commission, and also the sustainability, upon the evidence, of the conclusion involved in the proposed decrees.

The claim that the commission exceeded its jurisdiction in issuing the order to show cause as to the matters specified presents an issue of law, apparent on the face of the record. It is in the nature of a demurrer or plea to the jurisdiction. The order to show cause was designed to take effect at once, and the utilities were entitled to at once raise the issue of authority to act. In this aspect of the matter, the appeal is not premature.

Following the analogy of the conduct of a suit at law, so far as the same can be applied to this kind of proceeding, it seems clear that the utilities could have preserved their right in this respect by seasonably making the objection before the commission. Submission to the commission's adverse ruling, so far as to proceed with the hearing upon the order to show cause, would not be a waiver of such objection, seasonably presented, claimed in the motion for rehearing filed later and in the later appeal. See *Boston & Maine Railroad* v. *State*, 77 N. H. 437, 443. But the utilities having out of abundant caution taken the appeal on this point at the earliest possible time, the question need not be decided.

Concerning the objections to the factual basis of the proposed decrees, it is sufficient to point out that they had neither been put into effect nor even entered as the judgment of the commission when the appeal was taken. As to this feature of the case, no appeal will lie unless and until the commission makes an "order or decision."

As the appeal was properly taken in part, the order is

*Motion denied.*

All concurred.